JASON R. MAIER, ESQ.
Nevada Bar No. 8557
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
SOPHIA A. ROMERO, ESQ.
Nevada Bar No. 12446
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile: 702.629.7925
E-mail:    jrm@mgalaw.com
           jag@mgalaw.com
           sar@mgalaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER LAMPKIN,<br><br>                    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA ex rel UNITED STATES POSTAL SERVICE,<br><br>                    Defendant. | Case No.:    2:23-cv-00301-RFB-VCF<br><br>**STIPULATION FOR ENTRY OF PRIVACY ACT PROTECTIVE ORDER** |

Pursuant to FRCP 26(c)(1), it is hereby stipulated and agreed by the undersigned counsel for each of the parties to this action that, in order to preserve and maintain the confidentiality of certain documents that contain confidential information and/or other documents or information which may otherwise be sensitive, and which are maintained in a system of records exempt from disclosure from the mandatory disclosure provisions of the Privacy Act, 5 U.S.C. § 552a, and are further exempt from disclosure under the Freedom of Information Act ("FOIA"), that are sought from the United

/ / /

/ / /

States of America ex rel. United States Postal Service ("USPS") and entities, the following Confidentiality Protective Order shall be entered by the Court.

| | |
|---|---|
| Dated: September 29, 2023 | **MAIER GUTIERREZ & ASSOCIATES** |
| | By: ___*Jason R. Maier*___<br>Jason R. Maier, Esq.<br>Nevada Bar No. 8557<br>8816 Spanish Ridge Avenue<br>Las Vegas, Nevada 89148<br>T: 702-629-7900<br>F: 702-629-7925<br>jrm@mgalaw.com<br>*Attorneys for Plaintiff* |
| Dated: September 29, 2023 | **AUSA, CIVIL DIVISION** |
| | By: ___*Skyler H. Pearson*___<br>SKYLER H. PEARSON, ESQ.<br>501 Las Vegas Blvd., South, Suite 1100<br>Las Vegas, Nevada 89101<br>*Attorneys for Defendant* |

**CONFIDENTIALITY PROTECTIVE ORDER**

Pursuant to the foregoing stipulation of the parties, it is hereby ordered as follows:

1. "Protected Material" for purposes of this Order is defined as any record, document, communication, electronic media, material, and/or information initially prepared or obtained by USPS and currently maintained within the official custody and control of the USPS and produced in response to Plaintiff's request for the records.

2. Protected Material, and any and all information contained therein, shall be used only for purposes of litigating the instant lawsuit (including for use in depositions, trial, or other court proceedings), and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose, without modification of this Order, except as set forth in below. Counsel for the parties shall not use or disclose, and shall take all reasonable steps to prevent the use or disclosure of, such

2

material or information to any other person, or for any other reason.

3. Protected Material subject to this Order shall not be further reproduced except in connection with its use in this litigation. Any reproductions of Protected Material subject to this Order shall also be subject to the terms of this Order. USPS and its counsel are authorized to disclose records and other information covered by the Privacy Act, 5 U.S.C. § 552a, in response to Plaintiff's written discovery requests and follow-up requests, if any, in this case without obtaining the prior written consent of the individuals about whom such records or information pertain.

4. Protected Material, and the information contained therein, will be held in strict confidence. Right of access to and use of such Protected Material (in accordance with this Order) shall be limited to the following "Qualified Recipients":

- The parties in the above-referenced litigation (including, as the case may be, any person(s) subsequently added as a party), the parties' attorneys, and persons regularly employed by those attorneys;

- The Court (including, as the case may be, appellate courts) and the Court's personnel, including court reporters;

- Witnesses and other third parties whose testimonies are taken in this action by deposition or otherwise, with a need to know but only to the extent necessary to elicit testimony concerning protected material; and

- Consultants and expert witnesses, and persons regularly employed by those consultants and expert witnesses, retained by any party with a need to know, only if necessary, in connection with an expert opinion or testimony.

5. Qualified Recipients shall use Protected Material only for purposes of this litigation, and shall not disclose Protected Information except as provided herein. Before receiving any Protected Information, Qualified Recipients, except those identified above, shall be informed that it

3

is confidential and subject to a nondisclosure order by this Court, and shall execute a copy of the Agreement to Be Bound to Protective Order in the form attached hereto (the "Agreement Form"), acknowledging they are bound by the restrictions in this Order. Counsel for the parties shall maintain executed Agreement Forms for themselves and each other Qualified Recipient with whom they share Protected Material. Counsel shall share such executed Agreement Forms with counsel for USPS or any other party upon request. Counsel for the parties shall take reasonable steps to ensure that all Qualified Recipients with whom they share Protected Material comply with this Order.

6. Should any party wish to disclose Protected Material to any person other than those indicated above, or for any purpose other than in connection with the above referenced litigation, the party shall, consistent with *Touhy* Regulations, submit a proper request in writing to USPS.

7. In the event that any Protected Material is submitted, used, or referred to in any documents, pleadings, motions, evidence, arguments, testimony, depositions, hearings, and/or trials presented to or before the Court, the parties shall take appropriate steps to maintain the confidentiality of the Protected Material to the greatest extent possible (including, as the case may be, by marking the information or documents as "Confidential– Subject to Protective Order" and filing the Protected Material "under seal" in accordance with the requirements and procedures set forth in this Court's Local Civil Rules).

8. The designation or non-designation of any material as Protected Material shall not constitute a waiver of USPS's or any party's assertion that the material is either covered or not covered by this Order.

9. All Qualified Recipients, except those identified above, to whom Protected Material is disclosed pursuant to this Order shall destroy and/or return any and all Protected Material and copies thereof to the United States Attorney's Office, District of Nevada, 501 Las Vegas Boulevard South, Suite 1100, Las Vegas, Nevada 89101, within 30 days after the termination of this action, including any appeals, or when they are no longer a party to or assigned or retained to work on this action,

whichever occurs first, except that litigation counsel may maintain a copy for up to two years following the termination of the action, including any appeals, or termination of litigation counsel's representation, whichever occurs first. If the Protected Material is destroyed, the party that has destroyed the Protected Material shall certify in writing to the United States Attorney's Office for the District of Nevada that the Protected Information in its possession has been destroyed. Likewise, any document created by the parties or any Qualified Recipient that contains or reflects Protected Material shall be destroyed within 30 days after the termination of this action, including any appeals, except that litigation counsel may maintain a copy for up to two years following the termination of the action, including any appeals, or termination of litigation counsel's representation, whichever occurs first. Each party shall certify to the destruction of all such documents within its possession within the relevant time frame (either 30 days or two years) of the termination of this action, including any appeals, and shall send such certification in writing to the United States Attorney's Office for the District of Nevada.  Notwithstanding any of the foregoing, or anything in this Order to the contrary, nothing in this Order shall have any impact on counsel's requirement and/or obligation to preserve client files to the extent required by the Nevada Rules of Professional Conduct or otherwise under Nevada law.  Nor shall anyone subject to this Order have any obligation to attempt to destroy electronically stored data, backup files, cached versions and/or data on back up versions of computer hard drives.

10.     Nothing in this Order affects the rights of counsel to discuss relevant information contained in the Protected Material with their clients.

11.     This Order is without prejudice to the right of USPS or any party to make any objection to discovery permitted by the procedural rules governing the case, or by any statute or other authority.

12.     This Order does not constitute an admission by USPS or any party regarding or a ruling on the question of, whether any particular material is properly discoverable or admissible, and it does not constitute any ruling on any particular objection to the production or admissibility of any

material.

13. This Order does not require the production of privileged or otherwise protected information, and does not restrict the right of USPS or any party to assert appropriate privileges or protections to withhold information.

14. Nothing in this Order shall prevent the disclosure as required by law or compelled by any court, restrict USPS's use of materials produced by the USPS, or restrict a party's use of materials produced by that party.

15. Should any party wish to modify the terms of this protective order, counsel for that party should confer with counsel for USPS and with counsel for all other parties to this action before submitting any motion to the court.

IT IS SO ORDERED.

_____
Cam Ferenbach
United States Magistrate Judge
DATED 10-2-2023 _____

**AGREEMENT TO BE BOUND TO PROTECTIVE ORDER**
**(FOR QUALIFIED RECIPIENTS OTHER THAN LITIGATION COUNSEL)**

I,_____, hereby acknowledge that I have read and understand the provisions of the Protective Order entered in this action on _____, 2023. Under the terms of the Order, I hereby agree to be bound by all of the terms of the Order, including the following specific provisions:

1. I agree that I will use documents and information subject to the Order only for the purposes of this litigation, and not for any other purpose;

2. I agree that I will disclose documents and information subject to the Order only as specifically provided for in the Order;

3. I agree that I will not disclose any information subject to this Order to any person other than: a person listed in the Order who, if required by the Order, has previously signed an Agreement to Be Bound to Protective Order.

4. I agree that I will maintain documents and information subject to the Order carefully so as to preclude access by persons who are not entitled to receive such documents and Information;

5. I agree that any documents or information subject to this Order in my possession, custody, or control will be destroyed or returned to the FBI within 30 days of the termination of this action (including any appeals thereof) or when I am no longer a party to or assigned or retained to work on this action, whichever occurs first, as set forth in paragraph 10 of the Order; I further agree that if I destroy such documents or information, I will within 30 days of the termination of this action (including any appeals thereof), or when I am no longer a party to or assigned or retained to work on this action, certify in writing to the United States Attorney's Office for the District of

Nevada that the Protected Information in my possession has been destroyed, consistent with the Order;

      6.    I hereby confirm that my duties under this Agreement shall survive the termination of this action and are binding upon me even after final resolution of this action.

Date:
_____

_____
_____
(Signature)

_____
(Print Name)