**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Christopher Lampkin,<br>　　　　　Plaintiff(s),<br><br>vs.<br><br>United States Postal Service, *et al*.,<br>　　　　　Defendant(s). | 2:23-cv-00301-RFB-MDC<br><br>**ORDER DENYING MOTION TO QUASH SUBPOENA DUCES TECUM (ECF NO. 35) AND DENYING MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT (ECF NO. 37)** |

　　　　Plaintiff Christopher Lampkin filed (1) a *Motion to Quash Subpoena Duces Tecum Or, In The Alternative, Motion For Protective Order* ("Motion to Quash") and (2) Motion for Determination of Good Faith Settlement ("Motion for Good Faith Settlement"). ECF Nos. 35 and 37. The Court DENIES Lampkin's Motion to Quash. ECF No. 35. The Court also DENIES the Motion for Good Faith Settlement without prejudice, with leave to refile. ECF No. 37. Plaintiff may renew the Motion for Good Faith Settlement two weeks after Bravo Insurance produces the responsive documents to the United States Postal Service in response to the subpoena.

**I. BACKGROUND**

　　　　This case arises from a car accident involving three vehicles. See First Amended Complaint at ECF No. 14. Non-party Hani Saeed allegedly made a lane change into a USPS truck: the USPS truck then struck Lampkin's vehicle. *Id.*

　　　　Plaintiff settled with Saeed prior to bringing the instant litigation. ECF No. 37. The plaintiff argues in his Motion for Good Faith Settlement that he sent a demand package to Saeed's insurer

1

1  Atlantic Casualty Insurance and the insurer tendered the full amount of $100,000 the policy limit. *Id.*
2  Plaintiff argues that counsel could not locate additional insurance or assets for Saeed, so the insurance
3  policy was likely the best resolution that could be obtained for Lampkin's claim against Saeed. *Id.* at
4  5:3-5. Plaintiff argues that the Court should determine that the settlement was made in good faith. *Id.* at
5  12. Plaintiff argues that the U.S. should receive the benefit of that settlement if there is a plaintiff's
6  verdict at trial, and the judgment should be reduced by the amount of the settlement. *Id.* at 5:14-15.

7      The government argues in its opposition to the Motion for Good Faith Settlement that it cannot
8  speak to plaintiff's pre-litigation investigation into Saeed. ECF No. 40 at 11: 14-16. The government
9  also points out that plaintiff neglected to mention that Saeed drove a company vehicle owned by another
10 third party: Ziad Yousif. *Id.* at 11:19. The government argues that discovery has shown that Yousif owns
11 multiple businesses and has significant assets. *Id.* at 11: 19-22. The government argues that plaintiff is
12 improperly seeking to cut the government off from obtaining relevant material and discovery. *Id.* at 11:
13 23-25. Plaintiff argues in the reply that he did obtain an affidavit signed by Ziad Yousif that shows there
14 is no other insurance coverage. ECF No. 41 at 4-5.

15     While plaintiff claims that the settlement was in good faith, plaintiff opposes the government's
16 efforts to obtain information from Bravo Insurance about the settlement in his Motion to Quash.
17 Importantly, Bravo Insurance did not object to the government's subpoena and has not otherwise
18 resisted production of the requested documents. Plaintiff argues in his Motion to Quash that the
19 government is improperly seeking information about his settlement with Saeed. ECF No. 35 at 4-5.
20 Plaintiff argues that the government seeks information that is not relevant because Saeed is not a party in
21 this case. *Id.* at 5. Plaintiff also argues that defendant seeks information that is inadmissible. *Id.* The
22 government argues that the information it seeks is relevant to four of the United States's asserted
23 affirmative defenses and the ultimate issue of liability. ECF No. 36 at 3. The government also notes that
24 discovery need not be admissible to be discoverable. *Id.*, citing to Fed. R. Civ. P. 26(b)(1). Plaintiff
25

argues in his reply that USPS's liability dispute is unsupported by any relevant, admissible, or competent evidence. ECF No. 38 at 2:2.

The Court asked the parties to provide supplemental briefing about Bravo Insurance. ECF No. 46. The government argues in its supplemental briefing that the purpose of their subpoena is to determine the relationship between Hani Saeed, All Team Auto Sales and Collision, and Bravo Insurance. ECF No. 46 at 2. The government believes that Bravo Insurance is under the umbrella of Atlantic Casualty Insurance. *Id.* The third-party insurer was Atlantic Casualty Insurance that settled with Plaintiff for $100,000 on behalf of Saeed due to his involvement in the motor vehicle accident. *Id.* The government believes that Bravo Insurance, under the umbrella of Atlantic Casualty Insurance, covered a company policy. *Id.* The government also wants to investigate Yousif's connection. *Id.*

Plaintiff states in his supplement that Bravo Insurance is an insurance agency, not an actual insurance carrier. ECF No. 48 at 1. Pursuant to Saeed's testimony, Bravo Insurance apparently obtained an insurance policy with Atlantic Casualty Insurance Company for All Team Auto Sales and Collision (and Hani Saeed as an employee of All Team Auto Sales and Collision). *Id.*

The Court finds that the information sought by the subpoena to Bravo Insurance is relevant to plaintiff's Motion for Good Faith Settlement.

## II. ANALYSIS

In determining whether parties reached a settlement in good faith pursuant to NRS 17.245, the following non-exclusive factors may be relevant: (i) the amount paid in settlement, (ii) the allocation of the settlement proceeds among plaintiffs, (iii) the insurance policy limits of the settling defendants, (iv) the financial condition of the settling defendants, and (v) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. See *The Drs. Co. v. Vincent*, 120 Nev. 644, 651–52 (2004), quoting *In re MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927. "Nevada law includes no requirement that a court consider or limit its analysis to the MGM factors[.]" *Clark County*

*School Dist. v. Travelers Casualty and Surety Company of America*, No. 2:13-cv01100-JCM-PAL, 2016 WL 4443160 at *4 (D. Nev. Aug. 18, 2016) (citation omitted).

A court's determination of whether the parties settled in good faith is "left to the discretion of the trial court based upon all relevant facts available" and should not be disturbed absent an abuse of that discretion. *Velsicol Chem. Corp. v. Davidson*, 107 Nev. 356, 360 (1991). "This standard of review vests the district court with considerable discretion" in determining the fairness and overall appropriateness of the proposed settlement. *The Doctors Co.*, 120 Nev. at 652.

Federal Rule of Civil Procedure 26(b)(1) provides for broad and liberal discovery. When the discovery at issue is a subpoena on a nonparty, Rule 45 governs. "It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund*, 2011 U.S. Dist. LEXIS 113278, 2011 WL 4573349 at *5 (D. Nev. Sept. 29, 2011). The Ninth Circuit has "yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed nonparty may move to quash. The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (cleaned up).

The Court exercises its discretion and finds that the information that the government seeks in the subpoena is directly relevant to the issues that the plaintiff raises in his Motion for Good Faith Settlement. Plaintiff has greater access to information about the settlement with Saeed. The government seeks information from Saeed's insurance file to determine good faith, which directly relates to plaintiff's Motion for Good Faith Settlement. The Court denies the plaintiff's Motion for Good Faith Settlement without prejudice, with leave to refile.

Regarding the Motion to Quash, plaintiff has not claimed any privilege, and Bravo Insurance did not object to the subpoena. Even assuming the plaintiff has standing, plaintiff's reasons for moving to quash are not compelling. The government and the Court should evaluate whether the settlement is in good faith on a more developed record. The government seeks information that is relevant and proportional because it pertains to (1) liability and (2) the government's affirmative defenses that assert comparative fault. Plaintiff primarily argues that the information the government seeks is inadmissible, but the standard for discovery is relevance, not admissibility. Proportionality weighs in favor of the United States. The Court denies plaintiff's Motion to Quash.

Accordingly,

**IT IS ORDERED that:**

1. Plaintiff Christopher Lampkin's *Motion to Quash Subpoena Duces Tecum Or, in the Alternative, Motion For Protective Order* (ECF No. 35) is DENIED.

2. Plaintiff's *Motion for Determination of Good Faith Settlement* (ECF Nos. 37) is DENIED WITHOUT PREJUDICE, with leave to refile two weeks after Bravo Insurance produces the responsive documents to the United States Postal Service in response to the subpoena.

DATED this 7th day of August 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge